**Claude COX, husband; Linda Cox, wife, Plaintiffs—Appellees,**

v.

**Francine M. BOXER, in her individual capacity; Marshall Farnell, in his individual capacity; Spokane County, a municipal corporation, Defendants— Appellants.**

No. 00–35887.

D.C. No. CV–99–00075–JLQ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 8, 2002.

Before HALL, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Appellees Claude Cox ("Cox") and Linda Cox ("Linda") brought a 42 U.S.C. § 1983 action against Spokane County Administrator Francine M. Boxer ("Boxer"), Spokane County Director of Administrative Services Marshall Farnell ("Farnell"), and Spokane County (the "County"), alleging that Boxer's and Farnell's termination of Cox from his employment as Spokane County Safety/Loss Manager [1] resulted in a deprivation of his liberty interest in his reputation. Appellants Boxer and Farnell timely appeal the district court's order denying their Second Motion for Summary Judgment asserting qualified immunity.

The doctrine of qualified immunity generally shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1129 (9th Cir. 2002), *petition for cert. filed*, 70 U.S.L.W. 3758 (U.S. May 24, 2002) (No. 01–1744) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). We must determine whether "[t]aken in the light most favorable to the party asserting injury, ... the facts alleged show the [public official's] conduct violated a constitutional right ...", and the rights were "clearly established ... delineated with sufficient clarity to make a reasonable [public official] in the defendant's circumstances aware that what he was doing violated the right." *Devereaux*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This position is also referred to as Risk Manager.

*v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) (first alteration in the original, citations omitted).[2]

At the time Appellants acted in 1998, "the law was clearly established that . . . a liberty interest was implicated when an employee was stigmatized by charges of immoral or dishonest conduct made in the context of discharge from employment." *Brady v. Gebbie*, 859 F.2d 1543, 1556 (9th Cir.1988) (citations omitted). Reasonable public officials in a state where state law does not protect stigmatizing charges in a public employee's personnel file from public disclosure would have been aware that their conduct violated Cox's liberty interest in his reputation.

AFFIRMED.

---

**2.** Because we construe the facts in the light most favorable to Cox, there is no need to resolve the factual disputes in the record regarding whether the statements were stigmatizing and the adequacy of the hearing afforded to Cox.

